IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LAMON, | No. CIV S-03-0423-FCD-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| C.K. PLILER, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's motions for a temporary restraining order and preliminary injunctive relief (Docs. 76 & 77).

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of

1

1  irreparable injury shown.  See Oakland Tribune, 762 F.2d at 1376.  Under any formulation of the
2  test, however, the moving party must demonstrate that there exists a significant threat of
3  irreparable injury.  See id.  In the absence of a significant showing of possible irreparable harm,
4  the court need not reach the issue of likelihood of success on the merits.  See id.  The loss of
5  money, or an injury whose measure of damages can be calculated in terms of money, will not be
6  considered irreparable.  See id. at 1334-35.

7        The standard for a temporary restraining order is essentially the same.  The
8  purpose in issuing a temporary restraining order is to preserve the status quo pending a more
9  complete hearing.  The cases contain limited discussion of the standards for issuing a temporary
10 restraining order due to the fact that very few such orders can be appealed prior to the hearing on
11 a preliminary injunction.  It is apparent however, that requests for temporary restraining orders
12 are governed by the same general standards that govern the issuance of a preliminary injunction.
13 See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist,
14 J.); Los Angeles Unified Sch. Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir.
15 1981) (Ferguson, J. dissenting); Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368
16 (S.D.N.Y. 1990).  In many cases the emphasis of the court is directed to irreparable harm and the
17 balance of hardships because the merits of a controversy are often difficult to ascertain and
18 adjudicate on short notice.

19       Eastern District of California Local Rules impose additional requirements for a
20 motion for a temporary restraining order.  First, the court will consider whether the moving party
21 could have sought relief by a noticed motion for a preliminary injunctive at an earlier date
22 without the necessity of seeking last-minute relief by motion for a temporary restraining order.
23 See Local Rule 65-231(b).  Second, the moving party must provide specific documents to the
24 court in support of the requested temporary restraining order.  See Local Rule 65-231(c).
25 / / /
26 / / /

Under these standards, in order to obtain preliminary or emergency injunctive relief, he must demonstrate at least the possibility of irreparable injury. Here, plaintiff's motions allege the same conduct which forms the factual basis for the underlying civil rights suit. In particular, plaintiff in essence claims that defendants are inappropriately subjecting him to disciplinary action. While plaintiff's motions recite a number of alleged instances of inappropriate staff conduct, the court is unable to find any allegations which would suggest that plaintiff is under threat of irreparable injury.

Based on the foregoing, the undersigned recommends that plaintiff's motions for injunctive relief be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 12, 2006.

　　　　　　　　　　　　　　　　　/s/ Craig M. Kellison
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE