IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LAMON, | No. CIV S-03-0423-FCD-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| C.K. PLILER, et al., | |
| Defendants. | |
| _____/ | |

     Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are the following: (1) plaintiff's motion for transcripts at government expense (Doc. 107) and (2) plaintiff's motion for leave to further amend the fourth amended complaint (Doc. 108). Also pending before the court is plaintiff's fourth amended complaint (Doc. 102).[1] Plaintiff's various motions for injunctive relief (Docs. 76, 77, 100 & 111), and defendants' opposition thereto (Doc. 90) will be addressed separately.

---

[1] On April 10, 2006, plaintiff filed a document entitled "Plaintiff's Motion to Submit Additional Pages with His Fourth Amended Complaint" (Doc. 102). By order issued on April 20, 2006, the court construed the filing as plaintiff's fourth amended complaint and granted leave to file an oversized document.

1

As revealed by the court's prior orders, at best plaintiff has alleged the following claims in the various complaints filed in this action to date: (1) a Free Exercise claim based on plaintiff's allegations that he was prevented from practicing his religion when he was not provided a vegetarian diet; (2) an Eighth Amendment claim based on plaintiff's allegations that, upon his initial transfer to CSP-Sacramento, he was not interviewed by psychiatric staff before being placed in the B-facility; (3) an Eighth Amendment claim based on plaintiff's allegations concerning a subsequent move to a different cell; (4) an Equal Protection claim arising from the cell move; and (5) a Due Process claim based on destruction of plaintiff's personal property. By order issued on June 10, 2004, this action was determined appropriate for service on the following ten defendants: Pliler; Vance; Hawthorne; Turner; Murphy; Lytle; Loredo; Paul; Scicluna; and Sherbourne. Between August 12, 2004, and September 21, 2004, each of these ten defendants waived service.

A review of the fourth amended complaint reveals that plaintiff has named numerous additional defendants and now raises a total of 21 separate claims for relief. Because new claims and defendants have been added, the fourth amended complaint necessarily exceeds the scope of amendment allowed by the court's prior orders. In response to the court's April 20, 2006, order noting this problem, plaintiff filed a motion to further amend the fourth amended complaint under Federal Rule of Civil Procedure 15(a). Where leave of court to amend is sought, the court considers the following factors: (1) whether there is a reasonable relationship between the original and amended pleadings; (2) whether the grant of leave to amend is in the interest of judicial economy and will promote the speedy resolution of the entire controversy; (3) whether there was a delay in seeking leave to amend; (4) whether the grant of leave to amend would delay a trial on the merits of the original claim; and (5) whether the opposing party will be prejudiced by amendment. See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990). Leave to amend should be denied where the proposed amendment is frivolous. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). Finally, the rule requires that

leave to amend be freely granted ". . . when justice so requires." Fed. R. Civ. P. 15(a).

Having considered these factors, the court finds that further leave to amend should not be granted. In particular, granting leave to amend in this instance would not be in the interests of judicial economy or speedy resolution of the entire case. This case was originally filed in 2003 and has yet to be at issue with the filing of an answer. Allowing plaintiff to further amend the complaint to add new defendants and new claims would require the court to begin the statutory screening process anew, essentially wasting the time and effort that has been expended to date. Obviously, this process would also delay any trial on the merits. Plaintiff is free to file a new action as to additional defendants and claims, and the court does not see any prejudice to plaintiff in this approach. In the meantime, this action can proceed as against the ten defendants who have waived service and appeared.

Because the fourth amended complaint filed on April 10, 2006, exceeds the scope of permissible amendment, it shall be stricken. Plaintiff will be directed to file a new fourth amended complaint, naming only those defendants currently in the action (i.e., defendants Pliler; Vance; Hawthorne; Turner; Murphy; Lytle; Loredo; Paul; Scicluna; and Sherbourne), and alleging no new claims. Consistent with the court's prior orders, any unexhausted claims should not be raised. If the new fourth amended complaint is not filed within the time specified in this order, or if it is filed but exceeds the scope allowed, this case will be subject to dismissal for lack of prosecution and/or failure to comply with court rules and orders.

Finally, as to plaintiff's motion for transcripts at government expense, plaintiff states that he needs transcripts for an interlocutory appeal to the Ninth Circuit. A review of the court's docket reveals, however, that plaintiff's appeal has been dismissed for lack of appellate jurisdiction. Plaintiff's motion is, therefore, moot and will be denied.

/ / /

/ / /

/ / /

1   Accordingly, IT IS HEREBY ORDERED that:

2   1. Plaintiff's motion for leave to further amend the complaint (Doc. 108) is denied;

3   2. Plaintiff's fourth amended complaint, filed on April 10,. 2006 (Doc. 102), is stricken;

4   3. Plaintiff's motion for transcripts at government expense (Doc. 107) is denied; and

5   4. Within 30 days from the date of service of this order, plaintiff shall file a fourth amended complaint as described herein.

DATED: July 20, 2006.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE