# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

BARRY LAMON,                                         No. CIV S-03-0423-FCD-CMK-P

       Plaintiff,

   vs.                                                              FINDINGS AND RECOMMENDATIONS

C.K. PLILER, et al.,

       Defendants.

_____/

       Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court are plaintiff's motions for a temporary restraining order and/or preliminary injunctive relief (Docs. 76, 77 & 111).  Pursuant to court order, defendants have responded to plaintiff's request for injunctive relief (Doc. 90).  In addition, plaintiff filed a document entitled "Motion in Limine to Continue Hearing on Preliminary Injunctive Relief" (Doc. 100) in which plaintiff offers further argument in support of his requests for injunctive relief.[1]

---

[1] In this document, plaintiff also appears to request that a court hearing be held on his motions and that he, and other inmates, be transported to the court to give testimony. Pursuant to Eastern District of California Local Rule 78-230(m), motions in prisoner civil rights

1

On October 25, 2005, plaintiff filed separate motions for injunctive relief (Docs. 76 & 77).  The court addressed those requests by findings and recommendations issued on January 13, 2006.  In those findings and recommendations, the court recited the applicable substantive legal standards and stated:

> Under these standards, in order to obtain preliminary or emergency injunctive relief, [plaintiff] must demonstrate at least the possibility of irreparable injury.  Here, plaintiff's motions allege the same conduct which forms the factual basis for the underlying civil rights suit.  In particular, plaintiff in essence claims that defendants are inappropriately subjecting him to disciplinary action.  While plaintiff's motions recite a number of alleged instances of inappropriate staff conduct, the court is unable to find any allegations which would suggest that plaintiff is under threat of irreparable injury.

Plaintiff filed objections to the findings and recommendations on January 25, 2006.  In his objections, plaintiff set forth additional factual allegations.  For the good of the record, and in order to provide plaintiff a full and fair hearing, the court vacated the January 13, 2006, findings and recommendations and directed defendants to file a response to plaintiff's motions.  Defendants filed their response on February 24, 2006 (Doc. 90).

Subsequent to defendants' submission, plaintiff filed his "motion in limine" (Doc. 100) in which he sets forth additional arguments in support of injunctive relief.  On July 10, 2006, plaintiff filed another motion for injunctive relief (Doc. 111).  Finally, it should be noted that plaintiff was transferred from California State Prison – Sacramento to Corcoran State Prison on February 23, 2006.

Plaintiff's transfer to Corcoran State Prison renders resolution of plaintiff's requests for injunctive relief straightforward.  Here, plaintiff's motions recite allegations concerning the conditions of his confinement at California State Prison – Sacramento.  Where a prisoner is seeking injunctive relief with respect to conditions of confinement, the prisoner's

---

cases are generally submitted on the record without a hearing.  Moreover, pursuant to Local Rule 78-230(h), the court finds that oral argument is not necessary.  The court will, therefore, recommend that the request for a hearing be denied.

1 transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back. See <u>Prieser v. Newkirk</u>, 422 U.S. 395, 402-03 (1975); <u>Johnson v. Moore</u>, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam). Because plaintiff has been transferred to Corcoran State Prison, and because there is no evidence of an expectation that plaintiff will be transferred back,[2] plaintiff's motions are moot. Moreover, none of plaintiff's submissions since he was transferred relate to events at Corcoran State Prison. Rather, as with his other filings, plaintiff alleges conduct by defendants at California State Prison – Sacramento.

Based on the foregoing, the undersigned recommends that:

1. Plaintiff's request for a hearing (100) be denied; and

2. Plaintiff's motions for injunctive relief (76, 77 & 111) be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 16, 2006.

*[signature]*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

---

[2] In fact, according to defendants' declarations, plaintiff was transferred to Corcoran State Prison to accommodate his heightened security classification.