1

2

3

4

5

6

7

8           **IN THE UNITED STATES DISTRICT COURT**

9           **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   BARRY LAMON,                         No. CIV S-03-0423-FCD-CMK-P

12                  Plaintiff,

13         vs.                              <u>ORDER</u>

14   C.K. PLILER, et al.,

15                  Defendants.

16   _____/

17              Plaintiff, a state prisoner proceeding pro se and in forma pauperis, brings this civil

18   rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's fourth

19   amended complaint (Doc. 113), filed on August 7, 2006.[1]  The court now reviews to determine

20   whether the fourth amended complaint exceeds the scope of permissible amendment.

21   / / /

22   / / /

23   / / /

24   / / /

25   _____

26         [1]      Plaintiff filed a duplicate fourth amended complaint on August 14, 2006.  That
     document has been stricken.

1

1    On July 21, 2006, the court issued an order which, among other things, outlined

2  the scope of this action in light of the court's prior orders.  Specifically, the court stated:

3            As revealed by the court's prior orders, at best plaintiff has
     alleged the following claims in the various complaints filed in this action
4    to date: (1) a Free Exercise claim based on plaintiff's allegations that he
     was prevented from practicing his religion when he was not provided a
5    vegetarian diet; (2) an Eighth Amendment claim based on plaintiff's
     allegations that, upon his initial transfer to CSP-Sacramento, he was not
6    interviewed by psychiatric staff before being placed in the B-facility;
     (3) an Eighth Amendment claim based on plaintiff's allegations
7    concerning a subsequent move to a different cell; (4) an Equal Protection
     claim arising from the cell move; and (5) a Due Process claim based on
8    destruction of plaintiff's personal property.  By order issued on June 10,
     2004, this action was determined appropriate for service on the following
9    ten defendants:  Pliler; Vance; Hawthorne; Turner; Murphy; Lytle;
     Loredo; Paul; Scicluna; and Sherbourne.  Between August 12, 2004, and
10   September 21, 2004, each of these ten defendants waived service.

11  The court further stated:

12           Because the fourth amended complaint filed on April 10,
     2006, exceeds the scope of permissible amendment, it shall be stricken.
13   Plaintiff will be directed to file a new fourth amended complaint, naming
     only those defendants currently in the action (i.e., defendants Pliler;
14   Vance; Hawthorne; Turner; Murphy; Lytle; Loredo; Paul; Scicluna; and
     Sherbourne), and alleging no new claims.  Consistent with the court's
15   prior orders, any unexhausted claims should not be raised.

16  Pursuant to the court's orders, plaintiff has filed a new fourth amended complaint (Doc. 113).

17    Plaintiff names the following six individuals as defendants: Pliler; Hawthorne;

18  Murphy; Lytle; Loredo; Scicluna.[2]   Plaintiff states that he has a long and well-documented

19  history of mental health treatment and that he was a participant in the prison "Mental Health

20  Delivery System."  Plaintiff alleges that, prior to August 14, 2002, defendants Loredo, Murphy,

21  Lytle, and Scicluna were aware that he was a high risk for suicide attempts.  According to

22  / / /

23  / / /

24  ─────────────────────

25         [2]       Plaintiff no longer names Vance, Turner, Pual or Sherbourne as defendants.
    Plaintiff voluntarily chose not to name these individuals as defendants in the fourth amended
    complaint, which supercedes all previous complaints.  The Clerk of the Court will, therefore, be
26  directed to terminate these individuals as defendants.

2

1    plaintiff, on August 14, 2002:

2             . . . [Defendant] Scicluna had be involuntarily moved from my
assigned cell . . . to [another cell] solely as a favor for another inmate and,

3             when I refused to comply, Defendants Lytle, Murphy, and Scicluna had
me physically overwhelmed, shackled hand and foot, and physically

4             dragged from the housing area and deposited in a security holding cage.

5    Plaintiff says that he was left in the holding cell for over two hours, with the shackles "applied so

6    tightly . . . that my hands and feet were swollen and my wrists and ankles were visibly cut and

7    bleeding."  Plaintiff alleges that he complained to defendants Lytle, Murphy, and Scicluna of

8    pain caused by the shackles, but that they refused to loosen the restraints and instead "made

9    racist, derogatory, and threatening comments."  Plaintiff states that, as the pain became worse, be

10    shouted to defendants Lytle, Murphy, and Scicluna that he needed to see a prison psychologist

11    because he was feeling suicidal.

12         Plaintiff claims that defendant Loredo arrived later in the day and was briefed by

13    the other defendants that plaintiff had been "trying to get mental health involved all morning."

14    Plaintiff states that he was finally escorted back to the cell to which defendant Scicluna

15    originally wanted him moved.  According to plaintiff, while he was being moved he shouted that

16    he was going to kill himself and that defendant Murphy responded: "Go ahead.  Do us the

17    fucking favor."  Plaintiff states that defendant Loredo responded: "That's just gonna get you

18    dead.  It still won't get your cell back."

19         Plaintiff states that there was no legitimate penological reason to justify the "non-

20    necessary cell-change."  He also states that "Defendants Murphy, Lytle, Loredo, and Scicluna

21    denied me access to doctor-prescribed and readily-available mental health and medical services

22    by refusing to call a doctor(s)."  Plaintiff states that defendants acted despite their knowledge

23    that he was a high risk for suicide attempts.  Plaintiff alleges the following injuries caused by

24    defendants' conduct: (1) physical injuries to his wrists and ankles caused by the shackles;

25    (2) carbon monoxide poisoning resulting in headaches; (3) minor burns; (4) loss of personal

26    property caused by the cell change; (5) mental decompensation and stress; and (6) loss of

1  constitutional rights.  As to legal claims, plaintiff specifically states that defendants Lytle,

2  Murphy, Loredo, and Scicluna "caused unnecessary and wanton infliction of pain and physical

3  injury. . ." and asserts a claim against these defendants under the Eighth Amendment.

4            Plaintiff also claims that he was denied a religious diet.  Specifically, plaintiff

5  alleges that defendants Pliler and Hawthorne were implementing a policy to deny "any kind of

6  diet modifications based on religious need."  Plaintiff states that he lost more than 50 pounds as a

7  result of a lack of access to religiously acceptable meals.  Based on these facts, plaintiff asserts a

8  claim against defendants Pliler and Hawthorne under the First Amendment.

9            The court finds that these allegations fall within the scope of amendment

10  permitted by the court's prior orders.  Because the six defendants named in the fourth amended

11  complaint have all waived service, they will be directed to file a response.  The parties are

12  reminded that the court's March 22, 2006, protective order regarding discovery remains in effect.

13  Specifically, defendants shall not be required to respond to any discovery requests until after the

14  court determines that discovery shall be re-opened.  Such an order will be issued, at the earliest,

15  once defendants file an answer to the fourth amended complaint.

16            Accordingly, IT IS HEREBY ORDERED that:

17            1.      The Clerk of the Court shall terminate Vance, Turner, Paul and

18  Sherbourne as defendants to this action; and

19            2.      Defendants Pliler, Hawthorne, Murphy, Lytle, Loredo, Scicluna shall file

20  a response to the fourth amended complaint, filed on August 7, 2006, within 30 days of the date

21  of this order.

22  DATED:   October 18, 2006.

23

24                                          _____
                                            CRAIG M. KELLISON
25                                          UNITED STATES MAGISTRATE JUDGE

26

4