IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BARRY LAMON,                                    No. CIV S-03-0423-FCD-CMK-P

    Plaintiff,

  vs.                                         <u>FINDINGS AND RECOMMENDATIONS</u>

C.K. PLILER, et al.,

    Defendants.

                              /

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court are plaintiff's motions for a temporary restraining order and/or preliminary injunctive relief (Docs. 139, 140, 141, 146, 148, 149, 152, and 177).

**I.  BACKGROUND**

        The following is a summary of plaintiff's filings:

        1.      "Motion for Reconsideration" (Doc. 139).  The motion is not filed by plaintiff, but by inmate Sean Montgomery on behalf of plaintiff.  In the motion, inmate Montgomery states that he heard plaintiff arguing with correctional officers Frescura, Vikjord, Castro, and Hernandez (none of whom are defendants to this action) and that the correctional

1

1  officers demanded that plaintiff give them a letter he had recently received from the court.
2  Inmate Montgomery further states that the correctional officers said they were going to return the
3  letter to the court "because they did not like how Mr. Lamon signed the receipt." Inmate
4  Montgomery also states that plaintiff complained to him that "other correctional officers" had
5  "amplified the tainting of his food, had stopped all of his medical care, and he believed they stole
6  his mail in this case." The motion does not seek reconsideration of any particular magistrate
7  judge or district judge order, but states: "Wherefore, the afore said reasons and Pursuant to Rule
8  (B)(3), Mr. Lamon begs this court to take whatever action appropriate to preserve the law and
9  protect his rights."

10         2.      "Motion for Protective Order" (Doc. 140). Plaintiff filed this document
11  seeking a "Rule 60(b)(3) protective order" to address an "ongoing campaign of life-threatening
12  harassment to interfere with an/or obstruct plaintiff's meaningful prosecution of this action. . . ."
13  Again, plaintiff complains of problems with his legal mail. He also states that prison officials
14  have deliberately placed him in housing assignments with "Southern-Mexican" and "Active-
15  White" inmates, who are traditionally enemies of African-American inmates. Plaintiff seeks an
16  order because "Plaintiff is in danger of suffering irreparable injury." Plaintiff does not name any
17  defendants to this action in the motion.

18         3.      "Motion for Preliminary Injunction" (Doc. 141). The gravamen of this
19  motion is alleged interference with plaintiff's right of access to the courts under the First
20  Amendment. Plaintiff claims that he is "the victim of a highly-organized conspiracy by agents,
21  servants, and employees of the Director of the California Department of Corrections . . . Steven
22  Kernan, Warden, and James Walker, Chief Deputy Warden . . . and Darrel Adams, Warden . . .
23  and their . . . . agents to obstruct my access to the court and block my impending testimony about
24  certain case-related . . . staff misconduct. . . ." Plaintiff also continues to complain about "food-
25  tainting." Plaintiff's motion does not name any individuals who are defendants to this action.
26  Plaintiff seeks injunctive relief and an order "to transfer all of my related cases to this court and

to this action because this court has the lowest docket number." As to related cases, plaintiff references a number of actions pending in this court as well as the California Superior Court.

4. "Motion for Order of Protection" (Doc. 146). Plaintiff states that ". . . due to sadistic interference of prison officials Plaintiff is unable to proceed and, based on the declaration of the Plaintiff, the Plaintiff respectfully moves the court for an order of protection." Plaintiff indicates that he has filed an action in the Fresno division of this court ". . . related to the complained of interference." This case is Lamon v. Tilton, et al., case no. 07-0493-AWI-DLB-P. It appears that plaintiff is complaining of alleged interference with respect to prosecuting that action. Plaintiff does not name any individuals who are defendants to the instant action.

5. "Motion for an Order of Protection" (Docs. 148 and 149).[1] Plaintiff again complains of interference with his legal mail. He states: "Following the defendants' failure to have this case dismissed on March 2, 2007, prison officials here at California State Prison – Corcoran escalated their acts of interference and harassment against me, including, but not limited to, denying me access to the law library . . . , tainting my meals with pain-inducing chemicals, and repeatedly stealing my legal work-product, notes, and mailings to and from the courts." Plaintiff does not name any defendants to this action.

6. "Motion for an Order of Protection and Rule 37, Fed. R. Civ. P. Motion to Compel. Discovery" (Doc. 152). Plaintiff seeks to "compel" responses to three discovery requests he states were served on defendants. In particular, plaintiff references the following discovery requests: (1) request for production of documents; (2) request for admissions; and (3) interrogatories. Plaintiff states that he has been prevented from pursuing discovery due to the "on-going harassment and interference" by prison officials. Given this assertion, it appears that this filing is not a motion to compel discovery responses, but is a continuation of plaintiff's series

---

[1] These two filings are duplicative.

of filings seeking injunctive relief.² Again, plaintiff does not mention any individuals who are defendants to this action.

       7.     "Notice of Mail Theft and Motion for Preliminary Injunctive Relief" (Doc. 177). Plaintiff repeats many of his previous allegations concerning interference with legal mail, food tampering, and harassment. Again, plaintiff does not mention any defendants to this action, but refers to "prison officials" and "correctional officers."

## II.  DISCUSSION

Plaintiff has filed a requests for injunctive relief against individuals who are not named as defendants in this action. This court is unable to issue an order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). The requests must, therefore, be denied.

Further, plaintiff complains of conduct by prison officials at California State Prison – Sacramento (where he was previously housed) and California State Prison – Corcoran (where he is currently housed). Plaintiff's transfer to California State Prison – Corcoran renders plaintiff claims against officials at California State Prison – Sacramento moot. Where a prisoner is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back. See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam). Here, there is no allegation of an expectation that plaintiff will be transferred back to California State Prison – Sacramento.

/ / /

/ / /

---

   ²     To the extent plaintiff does seek an order compelling discovery responses, the request would be denied because all the discovery at issue was served on defendants after the discovery cut-off date established in the court's April 19, 2007, order, which required that discovery responses be served no later than 60 days prior to August 17, 2007.

Finally, to the extent plaintiff is litigating claims relating to interference with legal mail, food tampering, and/or harassment – none of which are part of this action – in other actions, plaintiff's motions are more appropriately considered in the context of those other actions.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that plaintiff's motions for injunctive relief (Docs. 139, 140, 141, 146, 148, 149, 152, and 177) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  December 18, 2007

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE