IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LAMON, | No. CIV S-03-0423-FCD-CMK-P |
|     Plaintiff, | |
|   vs. | ORDER |
| LYTLE, et al., | |
|     Defendants. | |
| _____/ | |

    Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's request for the attendance of incarcerated witnesses at trial (Docs. 204 and 210).

    Plaintiff intends to call the following inmate witness, who has agreed to testify at trial:

        Manago (E-02564).

Defendants object to testimony from this witness because "[a]ccording to Plaintiff, Manago will testify concerning Lieutenant Flint, who is not a party to this action." As to this witness, plaintiff

///

///

1

states:

> . . . Inmate Manago helped Plaintiff file the initial March 5, 2003, complaint and is expected to testify that multiple Corrections Officers (C/Os) told Plaintiff that defendant Flint, a Correctional Lieutenant, ordered that my personal property be thrown away or otherwise disposed of in retaliation for my having "set a fire" on his watch.

As defendants note, Flint was named in earlier pleadings, but was not named in the amended complaint filed on April 22, 2004, or in subsequent pleadings. Therefore, he is not a party to this action. Moreover, according to plaintiff, Manago will testify concerning alleged retaliation. However, this case is limited to plaintiff's Eighth Amendment claims. For these reasons, the court finds that inmate Manago does not have relevant testimony to offer concerning these claims. The court declines to issue an order directing that inmate Manago be brought to court to testify at trial.

Plaintiff also intends to call the following inmate witnesses, who have <u>not</u> agreed to testify at trial

Isreal (C-11296);

Weaver (J-62752);

Cotton (T-24647);

Moore (D-35681);

Bailey (P-52522);

Beck (J-63891);

Guinn (H-73336);

Wilson (H-60032); and

Robertson (H-47952).

Defendants object to testimony from these witnesses because: (1) plaintiff failed to follow the proper procedures outlined in prior orders for attendance at trial of incarcerated witnesses who do not agree to testify; and (2) "it is unclear whether any of these inmates were actual witnesses to the events that transpired on August 14, 2002."

Pursuant to the court's order issued on April 19, 2007 (Doc. 144), plaintiff must follow certain procedures to secure the attendance at trial of inmate witnesses who have not agreed to testify voluntarily.  Specifically, plaintiff is required to:  (1) indicate by affidavit, either from the party or the witnesses, that the prospective witnesses have actual knowledge of relevant facts; and (2) provide the court with the names, CDCR numbers, and addresses of the incarcerated witnesses.  In this case, plaintiff has not fully complied with these requirements. First, he has not provided the court with the addresses of the inmate witnesses listed above. Second, as to the witnesses' knowledge of relevant facts, plaintiff states:

> Each of these "involuntary witnesses" was ear- and eye-witnesses to me being called in from the exercise yard by C/O Scicluna and Paul. They are each of them inmates who were housed in my immediate section of the 4B2 building of CSP-SAC on the date and at the time of my August 14, 2002, suicide attempt.  I have listed the cells they occupied on August 14, 2002 . . . .  Review of those cell addresses confirms that they were my immediate neighbors, either while I was in cell 4B211, or after I was moved to Cell 4B2118 where I attempted suicide. . . .  Thus, each of these inmates are "real" witnesses.  They had to be evacuated during the fire. Because I was evacuated to the outside hospital, and moved from B-facility where the suicide attempt occurred to the A-facility and the E.O.P. after the fire, I was not able to ask if they would voluntarily testify at trial.
> However, each of these inmates should be able to, and will be asked to testify about how Defendants Murphy, Lyttle, Scicula, and several "Does" dragged me to cell B2118 while I was shackled hand and feet. That as they physically deposited me inside, I continually yelled that I felt suicidal.  That as they were leaving defendant Murphy said:  "Do us the fucking favor."

Plaintiff then outlines the expected testimony of each listed inmate:

> . . . Inmate Moore was my neighbor and during my preparation of the cell to kill myself he called over to me several times and asked me not to kill myself.  Inmates Guinn and Wilson were directly above me and we shared a common air-conditioning duct through which prisoners normally converse.  Wilson and Guinn also pleaded for me not to kill myself. Inmates Weaver and Cotton were two cells down from me.  They also pleaded for me not to kill myself.  Inmates Weaver and Cotton will also be asked to testify on how defendants Murphy, Scicluna, and Sherburn later bragged to many of the inmates in B2 that they had "pushed my buttons," "I couldn't handle it," and even said I was "dead" even though they knew I had only been moved to A-facility.

Plaintiff concludes by outlining various general items about which all these witnesses will testify.

3

1  Plaintiff has not satisfied either of the requirements for attendance of incarcerated
2  witnesses set forth in the court's prior order.  Specifically, he has not provided the court with the
3  inmates' addresses.  Further, he has not established that the inmates have knowledge of relevant
4  information.  First, he only provided detail as to inmates Moore, Guinn, Wilson, Weaver, and
5  Cotton.  Plaintiff does not provide any information as to inmates Isreal, Beck, Robertson, or
6  Bailey.  As to inmate Moore, Guinn, Weaver, and Cotton, their purported knowledge that
7  plaintiff was planning on killing himself on August 14, 2002, is not relevant to whether
8  defendants knew of and/or were deliberately indifferent to plaintiff's alleged need for access to
9  mental health care.  Regarding the purported testimony from inmates Weaver and Cotton that
10 defendants had bragged about "pushing my [plaintiff's] buttons," this does not tend to establish
11 any element of an Eighth Amendment claim.  Even if true, defendants' conduct does not
12 establish either knowledge or deliberate indifference.  Therefore, on the current record, the court
13 declines to issue any orders for the attendance of these inmate witnesses at trial.
14  Accordingly, IT IS HEREBY ORDERED that plaintiff's request for attendance of
15 incarcerated witnesses is denied without prejudice to renewal within 30 days from the date of this
16 order upon a showing which satisfies the requirements outlined in the court's April 19, 2007,
17 order.

DATED: May 7, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE