# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

BARRY LAMON,                                    No. CIV S-03-0423-FCD-CMK-P

    Plaintiff,

  vs.                                                    ORDER

LYTLE, et al.,

    Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's request for the attendance of incarcerated witnesses at trial (Docs. 221 and 222).

        Plaintiff states that he intends to call the following inmate witnesses at time of trial:

              Isreal (C-11296);

              Weaver (J-62752);

              Cotton (T-24647);

              Moore (D-35681);

              Bailey (P-52522);

1                          Beck (J-63891);

2                          Guinn (H-73336);

3                          Wilson (H-60032); and

4                          Robertson (H-47952).

5 He states that each of these individuals was housed in his housing unit on the date of the incident

6 which the subject of ths lawsuit.  Plaintiff states that the inmate witnesses ". . . were present in

7 their cells when Defendants Lyttle, Murphy, Scicluna and others placed me in Cell B2-118, at

8 which time I yelled loudly enough for each of the aforesaid officers and witnesses to hear, that I

9 felt suicidal and was going to kill myself." According to plaintiff, the above-listed witnesses

10 would have been in a position to hear when defendant Murphy responded "Do us the fucking

11 favor." Plaintiff also states that, in response to telling officials a second time that he felt suicidal,

12 the witnesses would have heard defendant Loredo respond by saying "That's not going to get

13 your cell back; that's only gonna get you dead."

14          As to Moore, Guinn, and Wilson, plaintiff states that he spoke to these inmates

15 through a common shared heating duct just prior to setting his cell on fire.  According to

16 plaintiff, these three inmates ". . . each acknowledged having heard me inform Defendants Lyttle,

17 Murphy, Scicluna, Loredo, and Sherborn that I was suicidal and to having heard their indifferent

18 responses." As to Isreal, Weaver, and Cotton, plaintiff states that ". . . they acknowledged that

19 they too had heard me inform defendants Lyttle, Murphy, Scicluna, Sherborn, and others that I

20 felt suicidal and I heard their callously indifferent responses."

21          Finally, plaintiff states that Isreal is incarcerated at High Desert State Prison and

22 that Weaver, Cotton, Moore, Guinn, and Wilson are incarcerated at California State Prison –

23 Sacramento.  Plaintiff does not provide any location information for Bailey, Beck, or Robertson.

24 / / /

25 / / /

26 / / /

As outlined in the court's May 5, 2008, pre-trial order, defendants state that it is disputed whether plaintiff ever told any defendant on the day in question that he felt suicidal. According to the declaration submitted by plaintiff incident to the instant request for attendance of incarcerated witnesses, it appears that inmates Isreal, Cotton, Moore, Weaver, Bailey, Beck, Guinn, Wilson, and Robertson – who were all housed in the same building as plaintiff and would have been in a position to either hear or see relevant events – may be able to shed light on this disputed issue. However, as to inmates Bailey, Beck, and Robertson, plaintiff has failed to comply with the requirement of providing the court with information necessary to locate the witnesses. Therefore, the court cannot order that these inmates be brought to court to testify. The court will direct that inmates Israel, Cotton, Moore, Weaver, Guinn, and Wilson be brought to court to testify at trial. Appropriate writs of habeas corpus ad testificandum will be issued by separate order.

IT IS SO ORDERED.

DATED: July 23, 2008

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE