# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

BARRY LAMON,                                          No. CIV S-03-0423-FCD-CMK

    Plaintiff,

  vs.                                                              ORDER

LYTLE, et al.,

    Defendants.

_____/

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for a temporary restraining order (Doc. 254).

Plaintiff, who is currently housed at California State Prison – Sacramento ("CSP-Sac."), was transferred to that prison from California State Prison – Corcoran ("CSP-Corcoran") in order to attend court proceedings in this matter. He now seeks an order directing prison officials to transfer him back to CSP-Corcoran "to await a final determination of when trial will begin in this matter" and that he not be returned to CSP-Sac. "more than ten (10) days prior to an established trial date or retained at [CSP-Sac.] for more than seven (7) days following the completion of trial proceedings in this matter." He states that non-party correctional officers at

1

CSP-Sac. have acted "in concert with Defendants Lytle, Murphy, Loredo, Scicluna" to "taint my meals with chemical agents that cause me chronic severe liver, kidneys, intestinal, stomach, and head pain and mental trauma."

      The gravamen of plaintiff's current motion for injunctive relief in the form of a temporary restraining order is that defendants, in concert with non-party prison officials at CSP-Sac., are engaging in conduct designed to cause plaintiff physical and mental injuries. Reading plaintiff's motion liberally, the purpose of this conduct would be either to thwart plaintiff's ability to litigate the instant action and/or to retaliate against plaintiff. Defendants will be required to respond to plaintiff's motion.

      The court observes that, where a prisoner is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back. See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam). Therefore, as to plaintiff's current request that he be transferred back to CSP-Corcoran, plaintiff's transfer from CSP-Sac. – where the defendants and non-party correctional officers mentioned in plaintiff's motion are employed – would moot that part of the motion. If plaintiff is scheduled to be returned to CSP-Corcoran in the near future, defendants should indicate in their response when that transferred is set to occur.

      Accordingly, IT IS HEREBY ordered that defendants file a response to plaintiff's motion for a temporary restraining order within 20 days of the date of this order.

DATED: October 17, 2008

                                                  /s/ Craig M. Kellison
                                                  **CRAIG M. KELLISON**
                                                  UNITED STATES MAGISTRATE JUDGE