# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

BARRY LAMON,                                                No. CIV S-03-0423-FCD-CMK-P

        Plaintiff,

  vs.                                                                  <u>FINDINGS AND RECOMMENDATIONS</u>

LYTLE, et al.,

        Defendants.

_____/

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion for injunctive relief (Doc. 254).  Defendants have filed a response (Doc. 257).

      Plaintiff, who at the time the motion was filed was housed at California State Prison – Sacramento ("CSP-Sac."), was transferred to that prison from California State Prison – Corcoran ("CSP-Corcoran") in order to attend court proceedings in this matter.  He now seeks an order directing prison officials to transfer him back to CSP-Corcoran "to await a final determination of when trial will begin in this matter" and that he not be returned to CSP-Sac. "more than ten (10) days prior to an established trial date or retained at [CSP-Sac.] for more than seven (7) days following the completion of trial proceedings in this matter."  He states that non-

1

party correctional officers at CSP-Sac. have acted "in concert with Defendants Lytle, Murphy, Loredo, Scicluna" to "taint my meals with chemical agents that cause me chronic severe liver, kidneys, intestinal, stomach, and head pain and mental trauma."

In their response, defendants note that plaintiff was transferred to CSP-Corcoran on October 29, 2008. This is confirmed by a notice of change of address filed by plaintiff on October 30, 2008. To the extent plaintiff's motion relates to the alleged conduct of prison staff at CSP-Sac., the motion is mooted by plaintiff's transfer to CSP-Corcoran. See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam). To the extent plaintiff seeks an order regarding any transfer back to CSP-Sac. at some unknown date in the future, plaintiff cannot establish that he is currently facing imminent threat of irreparable harm. See Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985).

Based on the foregoing, the undersigned recommends that plaintiff's motion for injunctive relief (Doc. 254) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 3, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE